UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARIBALDI ENCARNACION | ) CIVIL ACTION NO. |
| | ) |
| VERSUS | ) SECTION : |
| | ) |
| BP EXPLORATION AND PRODUCTION, INC., | ) MAGISTRATE: |
| STALLION OFFSHORE QUARTERS, INC., | ) |
| AND SOUTHERN ENVIRONMENTAL OF | |
| LOUISIANA, LLC | |

## **COMPLAINT**

The complaint of Garibaldi Encarnacion, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) BP EXPLORATION AND PRODUCTION, INC., a corporation organized according to the laws of the State of Delaware, but at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana; and was the owner and/or lessee and/or charterer of a certain industrial floating crew quarter vessel; on information and belief, named the "*F/V Floatel One*".

(B) STALLION OFFSHORE QUARTERS, INC., a domestic corporation organized according to the laws of this State and doing business in, the State of Louisiana; and was the builder, and/or supplier, and/or outfitter, and/or owner and/or lessor of a certain industrial floating crew quarter vessel; on information and belief, named the "*F/V Floatel One*".

(C) SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC, a limited liability entity organized according to the laws of this State and doing business in, the State of Louisiana, and.

1

(D) The *F/V Floatel One*, a vessel in navigation.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law.

3.

The defendants, BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental of Louisiana, LLC are justly and truly indebted unto your plaintiff, Garibaldi Encarnacion, for the following reasons, to-wit:

4.

At all material times, plaintiff Garibaldi Encarnacion was employed by Southern Environmental of Louisiana, LLC; and, at all times pertinent hereto, Garibaldi Encarnacion was a seaman entitled to the protection of the aforesaid Jones Act.

6.

Plaintiff was permanently assigned by defendant, Southern Environmental of Louisiana, LLC, to work ashore assisting with the environmental cleanup following the Deepwater Horizon disaster in the Gulf of Mexico off the Louisiana coast. On information and belief, the aforesaid Southern Environmental of Louisiana, LLC was a subcontractor to defendant BP Exploration and Production, Inc., the owner and/or operator of the Deepwater Horizon.

7.

Plaintiff was permanently assigned to quarters aboard the *F/V Floatel One* during his employment with Southern Environmental of Louisiana, LLC.

8.

On or about September 17, 2010, at approximately 6:30 pm, while assigned to attend a safety meeting with other workers aboard the *F/V Floatel One*, an explosion occurred in the meeting room, when, on information and belief, a fire extinguisher aboard the *F/V Floatel* One

became detached from its fixture, and fell to the deck. Plaintiff, Mr. Encarnacion was injured in the ensuing panic when the press of evacuees from the meeting room threw him against appurtenances and/or fixtures located in the said meeting room. Defendants, BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental of Louisiana, LLC did not take proper safety precautions in inspecting and/or operating the aforesaid *F/V Floatel* One; in particular providing equipment and/or fixtures which were unfit for their intended purposes.

9.

At all times pertinent hereto, the *F/V Floatel One* was located in the Gulf of Mexico, approximately twelve (12) miles off the coast of Venice, Louisiana.

10.

Plaintiff avers that the aforesaid *F/V Floatel One* was rendered unseaworthy as a result of substandard equipment and/or fixtures.

11.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of his employer, defendant, Southern Environmental of Louisiana, LLC.,

12.

The casualties occurred as a direct and proximate result of the negligence of defendants, BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental of Louisiana, LLC, and/or the negligence of the master of the *F/V Floatel One* in failing to provide an adequate crew, in failing to provide adequate equipment aboard the vessel, ordering the crew to work using unsafe conditions, as well as other acts of negligence which will also be proven at trial.  These acts of negligence render defendants, SOUTHERN

ENVIRONMENTAL OF LOUISIANA, LLC, liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also pursuant to the general maritime law.

13.

Plaintiff's accidents were caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

14 .

Plaintiff further demands that defendant, Southern Environmental of Louisiana, LLC, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

15.

In addition, the defendant has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits.  The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause.  As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition.  As a result thereof, the defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009)."

16.

The above-described incidents were caused solely by the negligence of defendants BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental

of Louisiana, LLC through their agents, servants and employees, which are more particularly described as follows:

<u>NEGLIGENCE OF BP EXPLORATION AND PRODUCTION, INC., AND/OR STALLION OFFSHORE QUARTERS, INC., AND/OR SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC</u>

    a. Failing to provide a competent crew.

    b. Failing to properly supervise its employees.

    c. Failing to properly train and/or supervise plaintiff and other employees.

    d. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

    e. Failure to provide an adequate emergency procedures and/or evacuation plans and/or failing to properly train persons aboard the *F/V Floatel One* in proper emergency procedures and/or evacuation plans in the event of an emergency aboard the vessel.

    f. Failing to adequately equip plaintiff with proper equipment required to perform certain operations.

    G. Other acts of negligence which will be shown more fully at trial.

17.

In the further alternative, plaintiff, Garibaldi Encarnacion, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

18.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Garibaldi Encarnacion, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d.  Past lost wages;

    e.  Past lost found;

    f.  Loss of future earning capacity;

    g.  Loss of future found;

    h.  Loss of fringe benefits;

    i.  Disfigurement and disability;

    j.  Loss of enjoyment of life; and,

    k.  Other damages which shall be proven at trial.

19.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

20.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Garibaldi Encarnacion, prays that the defendants, BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental of Louisiana, LLC, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, BP Exploration and Production, Inc., Stallion Offshore Quarters, Inc., and Southern Environmental of Louisiana, LLC, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

                                                **RESPECTFULLY SUBMITTED BY:**

                                                _____
                                                **RONNA M. STEELE (#20006)**
                                                301 Huey P. Long Avenue
                                                Gretna, LA  70053
                                                Telephone:  (504) 366-3475
                                                Attorney for Garibaldi Encarnacion
                                                Email: *rsteele@usagulf.com*

PLEASE SERVE:

BP Exploration and Production, Inc.,
through its authorized agent for service of process
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

Stallion Offshore Quarters, Inc.,
through its authorized agent for service of process
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129

Southern Environmental of Louisiana, LLC
through its authorized agent for service of process
Stacey Roque
1945 Enterprise Dr
Harvey, LA 70058

The M/V Floatel One
Through its owner
Stallion Offshore Quarters, Inc.,
through its authorized agent for service of process
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70808